# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBIN BUNLEY (#400858)**                          **CIVIL ACTION NO.**

**VERSUS**                                               **17-228-BAJ-EWD**

**JAMES LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBIN BUNLEY (#400858)**                                   **CIVIL ACTION NO.**

**VERSUS**                                                                    **17-228-BAJ-EWD**

**JAMES LeBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Upon screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that this action be dismissed as legally frivolous and for failure to state a claim, for the reasons that follow.

**I.      Background**

Robin Bunley ("Plaintiff"), an inmate now confined at the Plaquemines Parish Detention Center in Davant, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against James LeBlanc ("LeBlanc"), the Louisiana Department of Public Safety and Corrections ("LDPSC"), James Rogers ("Rogers"), and Connie Moore ("Moore").[1]  Plaintiff complains that the legal programs department is insufficient at the Louisiana Correctional Institute for Women ("LCIW"), where she was previously confined.[2]  Plaintiff prays for "designation of this matter as a class action," "appointments of attorney and monitors," "judicial resolve," and "court costs, attorneys' fees and other equitable relief assessed against defendants."[3]

**II.     Law and Analysis**

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the action or

---

[1] R. Doc. 1.   LeBlanc is the Secretary of LDPSC.  Rogers is the former warden of LCIW and Moore is the former deputy warden. R. Doc. 1, pp. 4 & 5.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 27.

claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[4]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5]  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6]  The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the rare power to pierce the veil of the factual allegations.[7]  Pleaded facts that are just improbable or strange, however, are not frivolous for purposes of the § 1915 analysis.[8]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9]  The court must accept all well-pleaded facts as true and view them in the light most favorable to plaintiff.[10]  For a complaint to survive the screening process, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11]

---

[4] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on June 7, 2017. (R. Doc. 3).

[5] *Denton v Hernandez*, 504 U.S. 25, 32-33 (1992).

[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[7] *Denton*, 504 U.S. at 32.

[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[9] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).

[10] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[13]

### B.  Plaintiff's Claim for Interference with Access to the Courts Fails

Plaintiff alleges that "a great number of inmates had [sic] been adversely affected and denied legal relief due to LCIW's legal program, which does not now-nor has it ever- equip [sic] offender counsel substitutes (OCS's) with training sufficient to assist clients."[14]  The Complaint elaborates that the training provided to offender counsel substitutes ("OCS") includes DVDs that were "made for enlightenment of state prisons general population rather than in depth training," observation of eight disciplinary court proceedings, and other training that Plaintiff deems inadequate.[15]  Plaintiff also complains that OCS are chosen based upon administrative favor rather than an ability to perform[16] and that the "caseload" of OCS is not evenly distributed.[17]  Plaintiff also criticizes the legal knowledge, or lack thereof, of the legal program supervisor.[18]  As a result of these alleged inadequacies, Plaintiff says that she, and others, have been "time barred."[19]  In

---

[12] *Id.*

[13] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

[14] R. Doc. 1, p. 4.

[15] R. Doc. 1, p. 4.

[16] R. Doc. 1, p. 4.

[17] R. Doc. 1, pp. 23-24.

[18] R. Doc. 1, pp. 4-5.

[19] R. Doc. 1, p. 21 ("Plaintiff … was the victim of an OCS who was incompetent" and "was time-barred" and p. 5 ( "[m]ost lifers and long-terms become barred at the federal level because legal training [of OCS] did not extend to many basics, including deadline computation.").

other words, because of misinformation provided by OCS, inmates' habeas applications are untimely filed.

Plaintiff's claims can be distilled into a complaint that the legal program department at LCIW is inadequate because OCS are not sufficiently trained, are ill-selected and are inadequately supervised. Effectively, Plaintiff claims that her constitutional right to access to the courts (and that of other inmates) has been infringed because of these inadequacies.

Inmates have a fundamental constitutional right of access to the courts.[20] The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[21] In order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that she has suffered some cognizable legal prejudice or detriment as a result of the defendant's actions.[22] In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so.[23] An inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights.[24] Because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,"[25] "the underlying cause of

---

[20] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

[21] *Lewis,* 518 U.S. at 356.

[22] *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996).

[23] *See Herrington v. Martin,* No. 09-785, 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983").

[24] *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997).

[25] *Christopher v. Harbury,* 536 U.S. 403, 415 (2002),

action, whether anticipated or lost, is an element that must be described in the complaint."[26] "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the United States Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."[27]

Additionally, there is no specific right to access to a law library or competent legal assistance. In *Williams v. Farwell*, an inmate law clerk provided inaccurate information to another inmate, who was the plaintiff in the action, which resulted in the plaintiff's federal habeas petition being barred as untimely.[28] The plaintiff claimed the warden was responsible for allowing the law clerk in charge of his case "to continue assisting prisoners with their litigation despite complaints."[29] The claim was essentially one of denial of access to the courts as a result of incompetent inmate assistance counsel. In determining that the plaintiff had not stated a claim against the warden as to the inaccurate information provided by the prison law clerk, the *Williams* court stated:

> [P]laintiff has not alleged—and cannot conceivably alleged—that the warden violated plaintiff's constitutional rights by allowing the alleged incompetent law clerk to assist plaintiff with his litigation. Plaintiff has no constitutional right to counsel in either his state postconviction proceedings or in his federal habeas litigation. There simply was no constitutional right to be violated by the law clerk's ineffective assistance. Stated differently, there is no constitutional right on the part of prisoners to be provided competent prison law clerks."[30]

---

[26] *Lewis*, 518 U.S. at 356.

[27] *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

[28] 2008 WL 686263 (D. Nev. March 7, 2008).

[29] *Id.,* at *2.

[30] *Id. See also Funches v. Ebbert*, 638 F.Supp.2d 1014, 1016 (S.D. Ill. June 16, 2009) (dismissing claims arising from inaccurate filing information provided by prison law library workers). *See Coleman v. Davis*, No. 15-1434, 2017 WL 1355834, at *2 (E.D. Cal. Jan. 27, 2017) ("The allegation that Davis provided plaintiff with bad legal advice, in an apparent attempt to assist plaintiff, shows negligence at worst and not active interference with plaintiff's attempts to access the courts."). *See also Garcia v. Maughan*, No. 17-1861, 2018 WL 4443181 (C.D. Cal. May 7, 2018) (dismissing an action for failure to state a claim where the plaintiff alleged he had been given incorrect legal advice resulting in the filing of an untimely habeas petition from a senior law librarian and an inmate law clerk. The plaintiff also alleged that the law library was overall inadequate in providing legal assistance. *Id.* at 4. The court held that

Plaintiff's Complaint is based solely on an alleged subpar prison legal assistance program that does not ensure adequate training or supervision for OCS, such that they provide inaccurate information, but Plaintiff is not constitutionally entitled to competent inmate counsel substitutes. As illustrated, courts have generally taken the position that, "[i]nmates must beware; they rely on legal advice offered by fellow prisoners at their own peril."[31]    Further supporting this determination is the fact that *Lewis*[32] requires only that prisoners be given the *opportunity* to file nonfrivolous legal claims challenging their convictions or conditions of confinement.  Plaintiff alleges she was unaware of the filing deadline for her habeas petition and blames her late filing on the inaccurate information provided by an OCS, but the circumstances at LCIW, as described in the Complaint, did not result in an "*inability* to meet a filing deadline."[33]    Plaintiff had the *opportunity* to file her habeas petition and has not alleged any facts that lead this Court to believe that she "could not have known" of the deadline for filing her petition for federal habeas relief because of deficiencies in LCIW's legal assistance program.[34]    Plaintiff simply did not file timely because she chose to rely on the incorrect advice given to her by another inmate.

Since there is no specific right to legal assistance, there can be no claim for inadequate legal assistance, and as discussed above, other courts have specifically held there is no

---

negligently giving an inmate erroneous legal advice, even if the parties are acting under color of state law, does not implicate § 1983." *Id.* at *5.).

[31] *Pigram v. Williams*, 182 F.Supp. 861, 865 (N.D. Ill. April 19, 2016) (finding that equitable tolling was not warranted in a case where the petitioner relied on an incorrect deadline provided by another inmate serving as a prison law clerk).

[32] 518 U.S. at 351.

[33] *Id.* (emphasis added).

[34] Plaintiff has not alleged that she was impeded from obtaining the information regarding the filing deadline for herself.  For example, she does not allege that she was not permitted access to the prison law library.  While adequate assistance from someone trained in the law is an acceptable alternative to access to a law library, prisons are not constitutionally required to provide either or both.  *See Carr v. Newcomer*, No. 09-1080, 2010 WL 331689, at *5 (W.D. La. Jan. 19, 2010) ("access to a law library is only one of many constitutionally acceptable methods used to assure meaningful access to the courts.").  *See also, Garcia*, 2018 WL 4443181, at *4, *citing Bounds v. Smith*, 430 U.S. 817, 828 (1977).

constitutional claim where fellow inmates in legal programs negligently provide incorrect information regarding a filing deadline.[35]

Plaintiff has also failed to allege facts to meet the actual injury requirement of a legal access claim, which requires showing "that the alleged shortcomings in the library or legal assistance program hindered his ability to pursue a legal claim."[36] "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."[37] Instead, the inmate must show the following: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded by acts of the defendant(s), and (2) he has suffered an actual injury as a result.[38] An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the *inability* to meet a filing deadline or to present a claim."[39] The underlying

---

[35] *See Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988) (holding that there must be intentional interference with an inmate's access to the court in order for there to be liability in connection with this claim); *Herrington,* 2009 WL 5178340, at *2 (holding that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduction on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983."). The only acts alleged that *may* be seen as intentional interference with access to the courts are those of Deputy Warden Connie Moore. To the extent Plaintiff has attempted to allege denial of access to the courts as a result of Moore's alleged withholding of legal mail from inmates or her direction to OCS not to prepare legal filings for inmates who had not been declared illiterate (*see* R. Doc. 1, pp. 5-6), Plaintiff does not allege that *her* legal mail was withheld by Moore or that *she* was not allowed assistance from an OCS. Rather, Plaintiff's personal claim is based on allegedly inaccurate information provided when she was allowed assistance from OCS. As Plaintiff does not alleged that she suffered harm from Moore's alleged acts, Plaintiff does not state a personal claim, nor could she be a class representative for this claim. *See* Fed. R. Civ. P. 23. *See also Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (if an individual is not part of the class, he or she has no standing to seek relief for other persons); *Campbell v. Cain*, No. 14-694, 2016 WL 828786, at n. 4 (M.D. La. Feb. 11, 2016) (dismissing a plaintiff's claim regarding interference with legal mail when the plaintiff did not identify what was removed from his legal mail or how he was prejudiced). Further, Plaintiff's claims against Warden Rogers appear to be solely for his supervisory role, which is not cognizable under § 1983. *See Iqbal*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").

[36] *Lewis*, 518 U.S. at 356.

[37] *Id.*

[38] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353 & n. 3.

[39] *Lewis*, 518 U.S. at 348 (emphasis added).

claim must be described well enough to apply the frivolity test and to show that its "arguable nature . . . is more than hope."[40]

In cases where an actual injury has not been sufficiently alleged, this Court has found that inadequate training of OCS or the giving of incorrect information by OCS do not provide the basis for a claim for denial of access to the courts.[41]  For example, in *Sewell v. LeBlanc*, this Court dismissed as frivolous a claim that an inmate was denied access to the courts because of the alleged incompetence of a co-inmate legal assistant in telling the plaintiff he had no meritorious post-conviction claims.[42]  Additionally, in *Jacobson v. LeBlanc*, this Court dismissed as frivolous a claim that offender counsel substitutes were not adequately trained and had provided the plaintiff with incorrect information.[43]  In dismissing each case, the Court relied, in part, on the fact that the plaintiffs had failed to allege actual injury.[44]  Because Plaintiff has failed to adequately describe her underlying habeas claim, that was allegedly lost due to the inaccurate information provided by OCS, she has not established actual injury.[45]

---

[40] *Harbury*, 536 U.S. at 416 (internal quotation marks omitted).

[41] *See Sewell v. LeBlanc*, No. 11-0780, 2012 WL 528217 (M.D. La. Jan. 26, 2012), *adopted by Sewell v. LeBlanc*, No. 11-780, 2012 WL 528197 (M.D. La. Feb. 16, 2012).  *See also Jacobson v. LeBlanc*, No. 10-251, 2010 WL 5563508 (M.D. La. Sept. 26, 2010), *adopted by Jacobson v. LeBlanc*, No. 10-251, 2011 WL 93858 (M.D. La. Jan. 11, 2011).

[42] *Sewell*, 2012 WL 528217, at *3-4.

[43] *Jacobson*, 2010 WL 5563508 at *4-5.

[44] Even if Plaintiff had more specifically described her underlying claim for habeas relief, her claim for lack of access to the courts is prescribed on its face.  For §1983 actions, federal courts borrow the personal injury limitations period from the forum state.  *Owens v. Okure*, 488 U.S. 235 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Further, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for her cause of action. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). In cases arising out of alleged violations of the First Amendment right to access to the courts, the limitations period begins to run when "the plaintiff becomes aware that [she] has an injury or has sufficient information to know that [she] has been injured." *Johns v. O'Connell*, 108 Fed.Appx. 153 (5th Cir. 2004), quoting from *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001).  Plaintiff's federal habeas petition was denied as untimely on August 31, 2009.  *Bunley v. Jones*, No. 06-2941, 2009 WL 2868424 (E.D. La. Aug. 31, 2009).  By this date, Plaintiff would have been aware of the alleged inadequacies of the legal assistance she received such that any claim she may have had regarding access to the courts accrued at that time.  Plaintiff did not file this Complaint until April 4, 2017, nearly eight years after her claim had accrued and long past the one-year limitations period established by Louisiana law.  Plaintiff's claim is also likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Williams v. Farwell*, 2008 WL 686263 (D. Nev. March 7, 2008).

[45] As to Plaintiff's purported class claims, even assuming she could bring a class action regarding the alleged inadequacies of the legal programs at LCIW, since there is no constitutional right to adequate inmate assistance

### C. To the Extent Plaintiff has Attempted to Allege a Denial of Equal Protection, That Claim Also Fails

Plaintiff alleges that LCIW's choice of OCS includes inmates with low "TABE test scores," and that her attorney informed her that "legal training is more substantial and in-depth at similarly situated prisons with male offenders."[46]  Plaintiff argues "it should be a prerequisite that LCIW's OCS are selected from among those who possess academic scores that demonstrate the capability to grasp legal concepts as it is done at male institutions."[47]  First, Plaintiff has only alleged in a conclusory fashion that LCIW and "male institutions" are similarly situated and she has failed to identify any particular male institution that is similarly situated to LCIW.[48]  Second, she has failed to provide any detail regarding what training or services are offered to inmates at male institutions that are not offered at LCIW.  These conclusory allegations are insufficient to state a claim for an equal protection violation.[49]

Further, this claim is, essentially, the same claim regarding the alleged incompetence of OCS painted in a different light.  Plaintiff does not allege that the men's prison(s) have a service that LCIW does not have; rather, she recognizes that both offer legal assistance programs, but disagrees with the manner that OCS are selected at LCIW.  No prisoner has the right to any particular job assignment.[50] By extension, the manner in which prisoners are assigned to jobs

---

counsel, the class claims would also fail.  Additionally, because Plaintiff does not have a personal claim for denial of access to the courts, she could not be a class representative for this claim.  *See* Fed. R. Civ. P. 23. *See also Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (if an individual is not part of the class, he or she has no standing to seek relief for other persons).

[46] R. Doc. 1, pp. 22-23.

[47] R. Doc. 1, p. 23.

[48] *Cruz v. Forrest*, 350 Fed.Appx. 900, 902 (5th Cir. 2009) (conclusory allegations that an inmate's equal protection rights have been violated are insufficient to raise an equal protection claim).

[49] *See Garrett v. Thaler*, 550 Fed.Appx. 375, 381 (5th Cir. 2014) (an equal protection claim was properly dismissed for failure to state a claim in part due to the fact that the plaintiff had failed to identify a particular women's facility for comparison.  The Court held that "vague and conclusional allegations that a prisoner's equal protection rights have been violated are insufficient to raise an equal protection claim.").

[50] *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility or a specific work assignment." (internal citations omitted).

cannot state a claim of constitutional dimension. Further, who is selected as an OCS concerns internal operation of the prison. Federal courts ordinarily accord great deference to the internal administrative decisions of prison officials. To intervene in the selection process for work assignments at prisons would be a monumental task that would likely be an abuse of judicial resources.[51] Thus, to the extent Plaintiff attempts to cast the alleged selection of incompetent OCS as an equal protection claim, that attempt also fails.[52]

Based on the foregoing, Plaintiff's action should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[53] without leave to amend because there is no conceivable, non-frivolous federal claim Plaintiff could assert consistent with the facts alleged in her Complaint.

---

[51] *Ware v. Tanner*, No. 12-2250, 2013 WL 5589506 at *10 (E.D. La. Oct. 10, 2013) *citing Royal v. Clark*, 447 F.2d 501, 502 (5th Cir. 1971); *Krist v. Smith*, 439 F.2d 146 (5th Cir.1971); *Haggerty v. Wainwright*, 427 F.2d 1137 (5th Cir.1970).

[52] Further, Plaintiff appears to identify the "Department" as the defendant responsible for the alleged disparate treatment between women's and men's facilities in regard to the legal programs (*see* R. Doc. 1, p. 23), but the LDPSC is not a proper defendant because only a *person* may be sued for violation of an inmate's constitutional rights. 42 U.S.C. § 1983. To the extent James LeBlanc is a representative of LDPSC, Plaintiff has not alleged any specific act of discrimination or alleged discriminatory intent on the part of LeBlanc. Thus, Plaintiff's claims still fail. *See Sandifer v. Turner*, 2015 WL 4168172 at *5-6 (E.D. La. July 1, 2015 (dismissing as frivolous an inmate's equal protection claim where the prisoner failed to allege facts to demonstrate that a prison official purposefully intended to discriminate against him as a member of an identifiable group). *See also Jackson v. Keith*, No. 13-585, 2013 WL 5592425, at *2 (W.D. La. Oct. 9, 2013).

[53] Plaintiff requests that this Court permit her to supplement the Complaint with "exhibits relative to Docket Number C640087, which was heard in the 19th Judicial District Court." Nothing in the record indicates that these documents would save Plaintiff's Complaint from dismissal. It appears the state court record contains more complaints regarding the inadequacy of the legal programs department at LCIW, which claims are legally frivolous. (*See* R. Doc. 1, pp. 25-26)("[t]he problems in the LCIW legal program have been addressed by inmates through petitions filed into the 19th Judicial District Court…[i]n most instances the Court acknowledged deficiencies but took consideration of changes made in the program since the filings. Yet soon after each matter was closed, the program relapsed and the usual practices resumed.").

## **<u>RECOMMENDATION</u>**

It is **RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[54]

Signed in Baton Rouge, Louisiana, on April 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[54] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."